| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC** | **LAW OFFICE OF DANIEL G. SHAY** |
| Abbas Kazerounian, Esq. (249203) | Daniel G. Shay, Esq. |
| ak@kazlg.com | danielshay@tcpafdcpa.com |
| Matthew M. Loker, Esq. (279939) | 409 Camino Del Rio South, Suite 101B |
| ml@kazlg.com | San Diego, CA 92108 |
| 245 Fischer Avenue, Unit D1 | Telephone: (619) 222-7249 |
| Costa Mesa, CA 92626 | Facsimile: (866) 431-3292 |
| Telephone: (800) 400-6808 | |
| Facsimile: (800) 520-5523 | |

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
2221 Camino Del Rio South, Ste. 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE HUDSON, CHARISSA LEWIS, WILLIAM PEREZ, JR., RUSSELL SMITH, AND CHRISTINA WISEMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>Defendant. | Case No.: **'17CV1741 AJB JLB**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

| Case # | *Hudson, et al. v. Experian Information Solutions, Inc.* |
|---|---|
| **CLASS ACTION COMPLAINT** | |

# INTRODUCTION

1. Jane Hudson ("Hudson"), Charissa Lewis ("Lewis"), William Perez, Jr. ("Perez"), Russell Smith ("Smith"), and Cristina Wiseman ("Wiseman") (collectively "Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Experian Information Solutions, Inc. ("Defendant" or "Experian"), for willfully violating the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq* ("FCRA"). Plaintiffs allege as follows upon personal knowledge as to themselves and their acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. Defendant is a "consumer reporting agency" under the FCRA that provides consumers with their credit reports. The FCRA governs content of these credit reports is determined by the secretion of consumer reporting agencies such as Defendant. Defendant continuously misrepresents the source of public record information Defendant publishes on credit reports, specifically the location of U.S. Bankruptcy Court for the Southern District of California ("Public Record Information") in violation of 15 U.S.C. § 168lg(a)(2).

3. This practice deceives consumers and limits consumers' access to the true Public Record Information, therefore preventing consumers from directly addressing the source of Public Record Information at the correct location in order to ameliorate any errors if they should occur.

# JURISDICTION & VENUE

4. Original subject matter jurisdiction is valid in U.S. District Court for violations of the FCRA pursuant to 28 U.S.C. § 1331.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant transacts business here and because Plaintiffs have resided in this District at all times relevant to these claims such that a substantial part of the events giving rise to Plaintiffs' cause of action against Defendant occurred within this judicial district.

6. Venue is also proper in U.S. District Court, Southern District of California, pursuant to 28 U.S.C. § 1391(b) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced, and because Defendant's contacts with this District are sufficient to subject them to personal jurisdiction since Defendant regularly operates in the city and county of San Diego.

## PARTIES & DEFINITIONS

7. Plaintiffs are, and at all times mentioned herein natural persons, individual citizens, and residents of the State of California, County of San Diego, in this judicial district. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

8. Plaintiffs are informed and believe, and thereon allege, that Experian is, and at all times mentioned herein was, a corporation registered in Ohio with its principal place of business located in California. Plaintiffs allege that at all times relevant herein Experian conducted business in the State of California, in the County of San Diego, within this judicial district.

9. The causes of action herein pertain to Plaintiffs' "consumer credit reports", as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA, in that inaccurate misrepresentations of Plaintiffs' information were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purpose of serving as a factor in establishing Plaintiffs' eligibility for,

among other things, credit to be used primarily for personal, family, or household purposes, and employment purposes.

## FACTUAL ALLEGATIONS

10. Experian is a FCRA-governed "consumer reporting agency" or "CRA" that publishes incorrect information to consumers that request the FCRA-governed information in Defendant's possession.

11. Upon information and belief, Defendant misrepresents the source of consumers' bankruptcy Public Record Information by falsely stating that the U.S. Bankruptcy Court for the Southern District of California courthouse is located at "940 Front St, Rm 5N26, San Diego, CA 92101" while its true location is 325 W F Street, San Diego, CA 92101.

12. In addition to the incorrect address, sometimes the bankruptcy case number is wrong, the date filed is wrong or other bankruptcy related items are inaccurate. When such mistakes occur, consumers often go to the "source" – the bankruptcy court - seeking the correct details.

13. When a consumer goes to 940 Front Street, they will be confused, bewildered and perplexed by the fact that the bankruptcy court is not there. This causes damages to the consumer.

14. CRAs have a duty and obligation to report true and accurate information.

15. The FCRA requires credit reporting agencies, including Defendant, to "clearly and accurately disclose to the consumer the sources of the information" in the consumer's credit report under 15 U.S.C. § 1681g(a)(2).

16. It is imperative that consumers know the true source of the Public Record Information and location of the court that possesses the correct information in their credit reports and consumers must have the ability to directly inquire from the bankruptcy court in order to ameliorate any mistakes in the Public

Record Information on credit reports without being misled and sent on a "wild goose chase" regarding the location of the court.

17. On or around September 27, 2016, Wiseman checked her Experian credit report and the Public Record Information listed the source of her Chapter 7 bankruptcy as "US BKPT CT CA SAN DIEGO 940 FRONT ST RM 5N26 SAN DIEGO CA 92101", rather than the true location of the source of that information.

18. On or around October 16, 2016, Smith checked his Experian credit report and the Public Record Information listed the source of his Chapter 7 bankruptcy as "US BKPT CT CA SAN DIEGO 940 FRONT ST RM 5N26 SAN DIEGO CA 92101", rather than the true location of the source of that information.

19. On or around November 9, 2016, Perez checked his Experian credit report and the Public Record Information listed the source of his Chapter 7 bankruptcy as "US BKPT CT CA SAN DIEGO 940 FRONT ST RM 5N26 SAN DIEGO CA 92101", rather than the true location of the source of that information.

20. On or around November 17, 2016, Lewis checked her Experian credit report and the Public Record Information listed the source of her Chapter 7 bankruptcy as "US BKPT CT CA SAN DIEGO 940 FRONT ST RM 5N26 SAN DIEGO CA 92101", rather than the true location of the source of that information.

21. On or around November 22, 2016, Hudson checked her Experian credit report and the Public Record Information listed the source of her Chapter 7 bankruptcy as "US BKPT CT CA SAN DIEGO 940 FRONT ST RM 5N26 SAN DIEGO CA 92101", rather than the true location of the source of that information.

22. 940 FRONT ST RM 5N26 SAN DIEGO CA 92101 is not the correct address of the U.S. Bankruptcy Court for the Southern District of California. The true address of the U.S. Bankruptcy Court for the Southern District of California is 325 West F Street, San Diego, CA 92101.

23. Although formal FCRA "disputes" are not required under 15 U.S.C. § 1681g(a)(2), on or around December 7, 2016, Smith submitted an online credit report dispute to Defendant regarding the inaccurate source of the Public Record Information on his credit report.

24. Smith disputed the item "US BKPT CT CA SAN DIEGO" and specifically noted in the dispute that "Reported source of the information is incorrect."

25. On or around December 20, 2016, Plaintiffs Hudson, Lewis, Perez, and Wiseman mailed Defendant a dispute regarding the inaccurate source of the Public Record Information on their credit reports.

26. Hudson specifically wrote in the dispute, "The source of the Public Records bankruptcy information is incorrect," and requested that the reporting be updated to reflect the correct source of the Public Records Information.

27. Perez and Wiseman specifically wrote in the dispute, "The reported source of the bankruptcy public information is incorrect," and requested that the reporting be updated to reflect the correct source of the Public Records Information.

28. Lewis specifically wrote in the dispute, "The source of the bankruptcy information in the Public Records is incorrect," and requested that the reporting be updated to reflect the correct source of the Public Records Information.

29. Defendant completed its investigation of each Plaintiffs' disputes, and the Public Record Information remained unchanged in each Plaintiffs' credit

report, listing the source of the Public Record Information as "US BKPT CT CA SAN DIEGO 940 FRONT ST RM 5N26 SAN DIEGO CA 92101".

30. Defendant unambiguously deprived Plaintiffs of the true source of the valuable Public Record Information, in violation of the FCRA.

31. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant, pursuant to 15 U.S.C. § 1681g(a)(2):

> Every consumer reporting agency shall, upon request, and subject to section 1681h(a)(1) of this title, clearly and accurately disclose to the consumer: The sources of the information; except that the sources of information acquired solely for use in preparing an investigative consumer report and actually used for no other purpose need not be disclosed: Provided, That in the event an action is brought under this subchapter, such sources shall be available to the plaintiff under appropriate discovery procedures in the court in which the action is brought.

32. At all times during the aforementioned actions, there was in full force and effect the following obligations pertaining to Defendant, pursuant to 15 U.S.C. § 1681e(a)&(b) of the FCRA:

> (a) Identity and purposes of credit users. Every consumer reporting agency shall maintain reasonable procedures designed to avoid violations of section 605 [15 USC § 1681c] and to limit the furnishing of consumer reports to the purposes listed under section 604 [15 USC § 1681b]. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose. Every consumer reporting agency shall make a reasonable effort to verify the identity of a new prospective user and

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, UNIT D1
COSTA MESA, CA 92626

the uses certified by such prospective user prior to furnishing such user a consumer report. No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose listed in section 604 [15 USC § 1681b].

(b) Accuracy of report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

## CLASS ACTION ALLEGATIONS

33. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated (the "Class").

34. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action for themselves and on behalf of a Class defined as follows:

> All Persons (a) who filed bankruptcy in the Southern District of California within the last 10 years (b) who requested their consumer file from Experian or any of its affiliated companies, subsidiaries, or any other Experian entity, (c) within five years preceding the filing of this action and during its pendency.

35. Defendant and its employees or agents are excluded from the Class.

36. Plaintiffs incorporate the prior allegations and estimates that the Class is so numerous that joinder of all members is impractical.  Although the precise number of Class members is known only to Defendant, Experian sends thousands of consumer credit report disclosures per year to consumers who have filed bankruptcy in the Southern District of California, and Defendant's uniform practice and procedure is to always omit the true source of its Public

Record Information from such disclosures. Accordingly, Plaintiffs estimate that the Class size numbers in the thousands.

37. Upon information and belief, the consumer credit reports for Plaintiffs and the members of the Class do not contain the actual source of the Public Record Information that it reported about the Plaintiffs and the putative Class members, or the true location of the U.S. Bankruptcy Court for the Southern District of California. This omission has remained consistent and uniform across time and consumers.

38. There are questions of law and fact common to the Class, which common issues predominate over any issues involving only individual class members. For example and without limitation:
    a. whether Defendant misrepresented the true source and location of the information published in the Public Record Information in its consumer credit report disclosures;
    b. whether this failure was a result of the Defendant's standard operating procedure when responding to a consumer's request for a full copy of his or her credit, file;
    c. whether the Defendant's conduct constituted a violation of the FCRA;
    d. whether the Defendant's conduct was willful; and
    e. the appropriate amount of statutory and/or punitive damages that are appropriate for such a violation.

39. Plaintiffs' claims are typical of those of the Class members. All are based on the same facts and legal theories. Defendant's response to a consumer's request for a full copy of his or her consumer credit report routinely failed to include any information about source of Public Record Information included on disclosures sent during the full class period. The violations alleged are the

same and the class claim will rise and fall entirely based upon whether or not Plaintiffs' claim rises or falls.

40. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have retained counsel experienced in handling actions involving unlawful practices against consumers and class actions. Neither Plaintiffs nor their counsel have any interest that might cause them not to vigorously pursue this action. Plaintiffs are aware of their responsibilities to the putative class and have accepted such responsibilities.

41. Certification of a class under Rule 23(b)(l) of the Federal Rules of Civil Procedure is proper. Prosecuting separate actions by or against individual Class members would create a risk of adjudications with respect to individual Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

42. Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that the Defendant has acted on grounds generally applicable to the Class thereby making appropriate declaratory relief with respect to the class as a whole.

43. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

   a. As alleged above, the questions of law or fact common to the members of the Class predominate over any questions affecting an individual member. Each of the common facts and legal questions in the case overwhelm the more modest individual damages issues. Further, those individual issues that do exist can be effectively

streamlined and resolved in a manner that minimizes the individual complexities and differences in proof in the case.

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Consumer claims generally are ideal for class treatment as they involve many, if not most, consumers who are otherwise disempowered and unable to afford and bring such claims individually. Further, most consumers affected by the Defendant's FCRA violations would likely be unaware of their rights under the law, or who they could find to represent them in federal litigation. Additionally, individual litigation of the uniform issues in this case would be a waste of judicial resources. The issues at the core of this case are class wide and should be resolved at one time. One win for one consumer would set the law as for every similarly situated consumer.

44. The Defendant's failure to disclose all the correct information that is the source of the consumer's credit report, including the sources of the Public Record Information, in response to a consumer's request for this information violated the FCRA as to the Plaintiffs and the Class members.

45. The conduct, action, and inaction of the Defendant was willful, rendering the Defendant liable for statutory and punitive damages in an amount to be determined by the Court.

46. Plaintiffs and the Class members are entitled to recover costs and attorney's fees, as well as appropriate equitable relief, from the Defendant, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the violation was negligent entitling the Plaintiffs and the Class to actual damages in the amount of the value of their consumer disclosure.

## CAUSE OF ACTION
## FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 ET SEQ.

47. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

49. As a credit reporting agency, Experian is required to comply with 15 U.S.C. § 1681g(a)(2) of the FCRA.

50. Experian violated 15 U.S.C. § 1681g(a)(2) by failing to clearly and accurately disclose to Plaintiffs and the Class the source and true location of the court that supplied any information to the credit-reporting agency about Plaintiffs and the Class.

51. Plaintiffs are informed and believes that Defendant violated 15 U.S.C. §§ 1681e(a)&(b) of the FCRA by maintaining the very inaccurate information Plaintiffs disputed.

52. As a result of each and every violation of the FCRA, Plaintiffs and the Class are entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681o(a)(2).

53. As a result of each and every willful violation of the FCRA, Plaintiffs and the Class are also entitled to and seek actual damages of $100.00 to $1,000.00 per violation and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs and the Class members pray for judgment as follows against Defendant:

- Certify the Class as requested herein;
- Appoint Plaintiffs to serve as the Class Representative in this matter;
- Appoint Plaintiffs' Counsel as Class Counsel in this matter;
- Provide such further relief as may be just and proper.

In addition, Plaintiffs and the Class members pray for further judgment as follows against Defendant:

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);
- Statutory damages of $1,000.00 per violation per plaintiff, per month of reporting, pursuant to 15 U.S.C. § 1681n(a)(1);
- Punitive damages as the court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Injunctive relief to command Defendant to correct the information furnished on Plaintiffs' and the Class's credit reports and prohibit them from engaging in future violations;
- Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
- Any other relief the Court may deem just and proper including interest.\

///
///
///
///

## TRIAL BY JURY

54. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: August 29, 2017                    Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By:  s/ MATTHEW M. LOKER
MATTHEW M. LOKER, ESQ.
ML@KAZLG.COM
*ATTORNEY FOR PLAINTIFFS*